Naham Wetherbee and Emerson Leland *v.* J. W. Ezekiel.

### *Attorney and Client.*

The Supreme Court will not revise the finding of the court below, on matter of fact.

All communications, which the client makes to his attorney, for the purpose of professional advice, upon the subject of his rights or liabilities, are privileged communications.

Assumpsit, for goods sold and delivered. Defendant plead in abatement, that prior to the commencement of the present suit, the plaintiffs had sued him, in another suit, in said court, for the same cause of action, and that said suit was pending, at the commencement of the present suit.

The plaintiffs replied, traversing the averments in defendant's plea, that the causes of action were identical, upon which an issue of fact was formed, and trial had by the court.

. The defendant proved, that on the 31st day of January, A..D. 1851, the plaintiffs commenced a suit on book account against him, the writ in which, was served upon him by arresting his body, that afterwards, and on the same day, the plaintiffs prayed out the writ in the present suit against him, and had it served upon his goods.

That the suit, first commenced, was not discontinued until the next day, and then by service on the defendant of a written notice, signed by L. E. Chittenden, attorney for plaintiffs, who brought said suits.

The defendant then called said Chittenden, and inquired of him, " What was the claim for goods sold and delivered, for which the present suit was brought, the amount, and the time, or times, when it accrued ?" The witness replied, " that all he knew, relating to the subject, was communicated to him, by the plaintiffs, as their attorney." The plaintiffs objected to the inquiry ; and the court decided, that it was improper for the witness to answer. To this decision the defendant excepted.

From the foregoing facts, the defendant claimed, that the causes of action were identical, and that he was entitled to judgment that the writ abate.

The county court, March Term, 1852, PIERPOINT, J. presiding, decided that from the above facts, it did not appear that the causes of action were identical, and rendered judgment for the plaintiffs. Exceptions by defendant.

*Wires & Peck* for defendant.

Upon the facts found below, the defendant was entitled to judgment upon the plea. *Smith* v. *Day*, 23 Vt. 656. The witness should have answered the inquiry put to him. 1. Greenl. Ev. 244 and 245.

*Phelps & Chittenden* for plaintiffs.

Cited 1. Phil. Ev., p. 141, 142 and 146. *Dixon* v. *Parmalee*, 2 Vt. 185. *Durkee* v. *Leland*, 4 Vt. 612. 1 Cowen & Hill's Notes to Phil. Ev. 277. 2 Stark. Ev. 394, confidential communi-

DECEMBER TERM, 1852.    49

Hatch *v.* Vt. Central R. R. Co.   Whitcomb *v.* Vt. Central R. R. Co.

cations.   Also *Peach* v. *Mills*, 13 Vt. 501.   Gould's Pl., p. 300, chap. 5, sec. 158 and 159.

The opinion of the court was delivered by

BENNETT, J.   Upon the issue joined upon the plea in abatement, the court below were desired to infer, that the two suits were commenced for the same cause of action, which they declined to do, from the evidence then before them.   This presumption, which the court were asked to make, was purely a presumption of fact, and not of law; consequently, there is no question of law arising on the finding of the court; and this court will not revise the finding of the court below on matter of fact.

The only question of law in the case, arises on the rejection of Mr. Chittenden, as a witness.   The object of the inquiry of him was to show, that the two actions were commenced for the identical and same cause of action; and as he had no information on this subject, except what he received from his client, we think, he was properly excluded.   The general rule is, that all communications, which the client makes to his attorney, for the purpose of professional advice, upon the subject of his rights or liabilities, are privileged communications.   In this case, the very point of consultation might have been, and probably was, whether the first suit would abate the second.   We may well suppose this, if there was any plausible ground for the defendants' plea.

The judgment of the county court is affirmed.